GEORGE MERCER, Plaintiff in Error,

*vs.*

JOHN WRIGHT, Defendant in Error.

#### ERROR TO THE DANE CIRCUIT COURT.

If a witness knowingly and deliberately swear falsely in regard to one material fact, the jury are not bound to believe any of his statements, unless corroborated by other proof.

It is error to instruct the jury that they are not at liberty to believe the witness. The maxim, *falsus in uno, falsus in omnibus,* does not operate to preclude the jury from believing him if they choose to do so.

The jury *may* believe any competent witness, though in many instances they ought not.

A jury ought not to convict upon the testimony of an accomplice, uncorroborated, but they may lawfully do so.

It is proper for the court to give to the jury the general rules by which the credibility of a witness is to be judged, but not to deny them their right of judgment under the rules so given.

The falsehood of a witness called by the defendant, to prove the issue on his side does not tend to prove the defendant's guilt, unless the further fact appears, that he is implicated in the guilt of the witness.

This was an action of trespass commenced in the Dane County Court, by the defendant in error against the plaintiff in error, and was sent to the Circuit Court of said county, upon application of the defendant below. The declaration is in two counts : the first *quare clausum fregit,* and the second for taking and carrying away a quantity of logs of the plaintiff, of the value of $500

To which declaration the plaintiff pleaded the general issue, and the cause was tried by a jury in said Circuit Court. The testimony introduced upon the trial is sufficiently shown in the opinion of the court. The jury found the defendant "guilty *of the trespass,*" ·

and assessed the damages at seventy-five dollars. The defendant then made a motion in arrest of judgment, on the ground that the verdict was too vague and uncertain to allow, which was overruled, and the cause is brought to this court upon a writ of error.

*Roys,* for the plaintiff in error.

*H. S. Orton,* for the defendant in error.

*By the Court,* SMITH, J. Several questions are raised by the bill of exceptions, but as one point is decisive of the case here, and as the other questions are not likely to arise upon a new trial, they will be passed without comment.

It appears that on the trial in the court below, (the suit being trespass for cutting timber on the plaintiff's land,) the defendant called as a witness one Miller, who testified that he cut all the timber drawn out and piled on the defendant's lot, embracing all the timber in question, and that it was all cut on the defendant's land ; that he did not cut any timber on the plaintiff's land. In reference to this witness and his testimony, the judge charged the jury as follows :

" If this testimony be true it makes out a complete defence ; if it was untrue the defendant must have known it, and he is involved in the guilt of the witness. It becomes, therefore, a serious and important question for you to determine, whether Miller swore falsely or truly on this subject."

" It is a general rule that if a witness when testifying under oath states what is false intentionally and knowingly, he is not to be believed in anything he swears to, unless corroborated by other evidence

Now certain questions were asked Miller, as to wheth-June Term 1854. er he had a conversation with the plaintiff on the Mercer vs. Wright. day of the trial before justice Welch—and whether in that conversation he admitted that he had cut the plaintiff's timber and was sorry for it. These were material questions, and it is contended that the witness swore falsely in his answers to them. If you believe he did swear falsely, and intended so to swear on this point, you are not at liberty to believe any fact sworn to by him, unless it is proved, or the witness. is corroborated by other witnesses as to such fact. If Miller swore falsely as to the cutting of the timber, it not only does not make out the defence, but must on the contrary, operate strongly to show the defendant's guilt."

The instructions of the court below are erroneous. It is true, as a general rule, that when a witness deliberately and knowingly swears falsely in regard to one material fact, the jury are not bound to believe him in any of his statements, unless he is coroborated. But it is wrong to say that the jury are not at liberty to believe him. - The maxim, *falsus in uno, falsus in omnibus*, does not operate to preclude the jury from believing the witness if they choose to do so. The *jury may* believe any competent witness, though in many instances they ought not. A jury ought not to convict upon the testimony of an accomplice uncorroborated, but all now agree that they *may* do so. It would have been correct for the court to give the jury general rules by which the credibility of the witnesses is to be judged, but it was not correct to tell them that they were not at liberty to believe the witness.

Again, it was error to instruct the jury that if the

witness swore falsely, it not only did not make out the defence, but on the contrary, operated strongly to show the defendant's guilt. The falsehood of a witness called to prove one side of an issue, certainly does not prove it, but neither does it tend necessarily to prove the other side. If Miller was not worthy of credit in his statement that the timber was all cut on the defendant's land, that did not tend to prove that the defendant cut the timber or procured it to be cut on the plaintiff's land. It only showed that the witness undertook to swear to matters as true, which he did not know to be true, or which he knew to be false, but it could not tend to prove the defendant's guilt, unless the further fact appeared, that he was implicated in the guilt of the witness.

This instruction being erroneous, and very material, the judgment must be reversed, and a new trial ordered. As the other points raised may all be obviated upon another trial, it is unnecessary to proceed further with the case.

Judgment reversed with costs, and a new trial awarded.