## BLACK vs. THE STATE.

*January 14 — January 29, 1884.*

### Criminal law and practice: Evidence

1. Where in a criminal case there is no evidence against the accused, except the uncorroborated testimony of an accomplice, it is discretionary with the trial court whether to direct an acquittal or not; and a judgment will not be reversed for a refusal to set aside a verdict founded upon such testimony alone.

2. The fact that an accomplice was induced to testify by an offer of immunity does not render him incompetent, but only goes to his credibility.

ERROR to the Circuit Court for *Ashland* County.

The cause was submitted for the plaintiff in error on the brief of *J. J. Miles.*

For the defendant in error there was a brief by *W. M. Tomkins*, District Attorney, and oral argument by *H. W. Chynoweth*, Assistant Attorney General.

CASSODAY, J. It appears from the charge of the trial court that the plaintiff in error was convicted of robbery upon the uncorroborated testimony of an accomplice. That court advised the jury against a conviction on such testimony, but did not direct an acquittal, but told them in effect that there could be a legal conviction if they were satisfied of his guilt beyond a reasonable doubt. This instruction is the principal error assigned. Where there is no evidence against the accused, except the uncorroborated testimony of an accomplice, it is discretionary with the trial court whether to direct an acquittal or not. *Ingalls v. State*, 48 Wis., 647; *Mack v. State*, 48 Wis., 286; *Mercer v. Wright*, 3 Wis., 645. A judgment will not be reversed for refusing to set aside a verdict founded upon such testimony alone. *Ibid.*

The only other error assigned is that the accomplice was induced to testify by reason of immunity offered; still that did not render the witness incompetent, but only went to his credibility, and that was a question for the jury.

*By the Court.*— The judgment of the circuit court is affirmed.