## A. M. HARRINGTON, Appellee, v. CITY OF HAMBURG, Appellant.

1. **Negligence:** PERSONAL INJURY: EVIDENCE: ERROR WITHOUT PREJUDICE. In an action against a town to recover for a personal injury, alleged to be due to the negligence of the town in permitting a ditch to remain uncovered, the physician who attended the plaintiff was permitted to testify to what the latter said concerning the cause of his injuries when the same were being examined. *Held*, that the evidence being hearsay was incompetent, but being irresponsive to the question asked, and no effort having been made to suppress it, and the facts stated being shown by other competent evidence which was uncontradicted, its admission was without prejudice.

2. ———: ———: ·———. The plaintiff claimed to have fallen into the ditch in question at a point between a bridge over the same and the sidewalk, and alleged that the defendant was negligent in permitting that portion of the ditch not covered by the bridge to remain uncovered. *Held*, that the admission of evidence to show the absence of railings or barriers at the ends of the bridge was erroneous.

3. ———: ———: WITNESSES: CREDIBILITY: INTEREST. An attorney for a party to a cause who is called to testify in behalf of his client may be questioned, upon cross-examination, as to whether his compensation in such case is dependent upon a recovery therein by his client.

4. ———: ———: EVIDENCE. Proof of conversations between third persons as to the extent of the plaintiff's injuries in such case is incompetent.

*Appeal from Fremont District Court.*—HON. GEORGE CARSON, Judge.

WEDNESDAY, MAY 18, 1892.

ACTION to recover for personal injuries sustained by the plaintiff in falling into a ditch. There was a trial by jury, and a verdict and judgment in favor of the plaintiff. The defendant appeals.—*Reversed.*

*George E. Draper*, for appellant.

*Anderson & Anderson*, for appellee.

ROBINSON, C. J.—Main street, in the city of Hamburg, extends from north to south, and is crossed by J street, which extends from east to west. At the intersection of those streets is a ditch four or five feet wide, and from three to five feet in depth. Over the ditch is a bridge, which extends from east to west a distance of nearly forty-seven feet. At the sides of Main street are sidewalks. The distance between the east end of the bridge and the sidewalk east of it is about twenty-one feet. In the evening of the twenty-third day of December, 1889, when it was dark, the plaintiff started from the business part of the city to go northward on Main street to his home. Soon after starting, he left the sidewalk for the middle of the street, intending to cross the ditch on the bridge. The reason he gives for so doing is that he desired to avoid defects in the sidewalk. When near the ditch, his attention was diverted, as he claims, by a train in the vicinity, and, before he realized where he was, he fell into the ditch, between the east end of the bridge and the sidewalk, and received the injuries of which he complains. He alleges that the defendant was negligent in permitting that portion of the ditch not covered by the bridge to remain uncovered, and without a

VOL. 85—18

guard or protection of any kind. The defendant denies the alleged negligence, and avers that the accident was the result of negligence on the part of the plaintiff.

I. Soon after the accident occurred, Dr Bogan was called to attend the plaintiff as a physician. On the trial he was produced as a witness for the plaintiff, and asked the following questions: "What statement, when you went in, did he make to you, in connection with your examination, as a part of your professional examination of him?" To this the defendant objected on the ground that it was immaterial and incompetent, but the objection was overruled, and the witness was permitted to answer as follows: "He simply made a statement of falling off in a ditch on the night before or previous night; that he fell off the ditch, coming up home. I understood that he fell off the bank of the ditch." This answer was not competent. It may have been the duty of the physician to inquire into the history of the case, in order that he might treat it understandingly; but statements of the character of those given were not necessary to enable the witness to explain to the jury the nature of the injuries received, and were merely hearsay evidence in regard to an issue in the case. The answer given, however, was not indicated by the question which drew it out, and no attempt was made to suppress it. Moreover, the fact that the plaintiff received the injuries in question by falling into the ditch was fully shown by other testimony which was not contradicted. Therefore the answer was without prejudice, and the defendant has no sufficient grounds to complain of it.

II. Witnesses were permitted to testify, notwithstanding the objections of the defendant, that there was no barrier at the ends of the bridge. So far as that testimony related to

1. Negligence: personal injury: evidence: error without prejudice:

2. —: —: —:

guards to the ditch, it was within the issues presented
by the pleadings and competent; but some of it related
to railings or barriers at the ends of the bridge. The
plaintiff did not claim that he walked off the end
of the bridge into the ditch. There was no evi-
dence that he did so, and the petition does not charge
negligence by reason of the failure of the defendant to
maintain barriers at the ends of the bridge. There-
fore, evidence to show such failure was erroneously
admitted.

III.. B. K. Crandall was produced by the plaintiff,
and testified in his behalf in regard to material and
disputed facts. It was shown that he
was an attorney for the plaintiff, and as
such had instituted this action. On
cross-examination, he was asked if his compensation as
such attorney depended upon the recovery in the case.
An objection to the question, made by the plaintiff,
was sustained. It should have been overruled. It is
always permissible to show the interest of a witness in
the event of the suit, in order that due weight may be
given to his testimony. At common law a person in-
terested in the event of a suit was not a competent
witness for the party with whom he was interested,
and, when the interest was of a doubtful nature, it
could be shown as going to his credibility. *Cutter v.
Fanning*, 2 Iowa, 582, and cases therein cited; 1 Green-
leaf on Evidence, secs. 390, 392. Section 3637 of the
Code provides that "Facts which have heretofore caused
the exclusion of testimony may still be shown for the
purpose of lessening its credibility." If the witness,
in consequence of an agreement or other cause, did not
expect compensation for his services unless judgment
were rendered against the defendant, that fact might
not have affected his testimony in any respect; but
whether it did or not, and if it did, to what extent,

3. ——: ——: wit-
nesses: credi-
bility: inter-
est.

were questions for the jury to determine, and for that purpose they were entitled to know the facts.

IV. A witness named Parkhurst testified for the defendant. On cross-examination, he stated that, on the morning after the accident, he walked towards town with one Lushy, who told of the acccident, and said he was there and helped the plaintiff out. He was then asked this question. "Told you the old man was badly hurt, didn't he?" and against the objection of defendant was permitted to answer in the affirmative. The plaintiff claimed and the defendant denied, that he had received great bodily injuries from the fall into the ditch. The evidence in question related to that issue, and was clearly incompetent and should have been excluded.

*4. ——: ——: evidence.*

V. Questions are discussed in regard to the effect of the evidence, the negligence of the plaintiff, the charge to the jury, and other matters; but as none of them may arise on another trial, they need not be further considered.

For the reasons shown the judgment of the district court is REVERSED.