LITTLE, Respondent, vs. SUPERIOR RAPID TRANSIT RAILWAY COMPANY, Appellant.

*October 2 — October 23, 1894.*

*Street railways: Negligence: Collision with carriage: Contributory negligence: Court and jury: Instructions.*

1. Plaintiff was injured, while attempting to cross defendant's street railway tracks, by the collision of an electric car with the phaeton in which she was riding. Upon the evidence (stated in the opinion) it is *held* that the questions of defendant's negligence and of plaintiff's contributory negligence were for the jury.

2. An instruction that "although plaintiff might not have exercised ordinary care in turning upon the track, still if the motorman saw her so in danger and unconscious of peril, and thereupon failed to exercise *ordinary care* to avoid the collision, and such want of ordinary care was the proximate cause of the injury, plaintiff should recover," is criticised.

3. An instruction that if the jury concluded that a witness had testified falsely as to any material fact they might disregard all of his testimony unless it was supported by other evidence, was erroneous, since it authorized the jury to disregard the uncorroborated testimony of a witness if they concluded that he had, even through inadvertence or mistake, sworn falsely as to any material fact.

4. An instruction that "there is, when a witness is testifying, an undefinable something that rings of truth, that in spite of and in the face of everything" the jury "have a right and should give heed to," was erroneous as being an invasion of the province of the jury; and the error was not cured by a further instruction that the verdict must be based upon the evidence given in the case, and upon nothing else.

APPEAL from the Superior Court of *Douglas* County.

This action was brought to recover damages for injuries received by the plaintiff, September 1, 1893, on North Third street in West Superior, caused by a collision of one of the defendant's street cars, propelled by electricity, with a phaeton in which the plaintiff was riding, and which collision is alleged to have been caused by the defendant's negligence. The defendant answered by way of admis-

sions and denials and allegations of contributory negligence on the part of the plaintiff.

At the close of the trial the jury returned a special verdict to the effect that the defendant's negligence caused the collision alleged, and was the proximate cause of the plaintiff's injury, and that there was no contributory negligence on the part of the plaintiff, and also returned a general verdict in favor of the plaintiff, and therein they assessed her damages at $1,500. From the judgment entered thereon in favor of the plaintiff, the defendant appeals.

For the appellant there was a brief by *Ross, Dwyer & Hanitch*, and oral argument by *W. D. Dwyer*. They argued, among other things, that as against positive evidence of credible witnesses of the ringing of a bell, there must be something more than the testimony of one or more that they did not hear it, to authorize the submission of the question to the jury. *Culhane v. N. Y. C. & H. R. R. Co.* 60 N. Y. 133; *Chicago & R. I. R. Co. v. Still*, 19 Ill. 509; *Chicago & A. R. Co. v. Gretzner*, 46 id. 82; *Marcott v. M., H. & O. R. Co.* 49 Mich. 99. Failure to look before crossing a street car track will defeat a recovery in case of collision if the car was in plain sight and could have been seen. *Boerth v. West Side R. Co.* 87 Wis. 288; *Kelly v. Hendrie*, 26 Mich. 255; *Davenport v. Brooklyn C. R. Co.* 100 N. Y. 632; *McClain v. Brooklyn C. R. Co.* 116 id. 465; *Scott v. Third Ave. R. Co.* 59 Hun, 456; *Ewing v. Atlantic Ave. R. Co.* 11 N. Y. Supp. 626; *Harnett v. Bleecker St. & F. F. R. Co.* 49 N. Y. Super. Ct. 185; *Buzby v. Phila. Traction Co.* 126 Pa. St. 559; *Sheets v. Connolly St. R. Co.* 54 N. J. Law, 518; *Schulte v. N. O. C. & L. R. Co.* 44 La. Ann. 509; *Warner v. Peoples' St. R. Co.* 141 Pa. St. 615; *Wheelahan v. Phila. Traction Co.* 150 id. 187; *Ehrisman v. East Harrisburg C. P. R. Co.* id. 180; *Carson v. Fed. St. & P. V. R. Co.* 147 id. 219; *Thomas v. Cit. Pass. R. Co.*

132 id. 504; *Ward v. Rochester E. R. Co.* 17 N. Y. Supp. 427; *Murray v. Pontchartrain R. Co.* 31 La. Ann. 490; *Follet v. Toronto St. R. Co.* 15 Ont. App. 346; *Thompson v. Thompson,* 77 Ga. 692, 697; *Metropolitan St. R. Co. v. Johnson,* 91 id. 466; *North Side St. R. Co. v. Want,* 4 Tex. App. Civ. Cas. 237; *Railroad Co. v. Gladmon,* 15 Wall. 401, 404, 409; *Adolph v. C. P., N. & E. R. R. Co.* 76 N. Y. 537; *Wood v. Detroit C. St. R. Co.* 52 Mich. 402; *Cowan v. Third Ave. R. Co.* 1 N. Y. Supp. 612; *Davidson v. Denver Tramway Co.* 35 Pac. Rep. 920. The maxim *"falsus in uno, falsus in omnibus"* only applies where a person knowingly testifies falsely. *Gottlieb v. Hartman,* 3 Colo. 60; *Buffalo Co. v. Van Sickle,* 16 Neb. 363; *Mack v. State,* 48 Wis. 271, 286; *Santissima Trinidad,* 7 Wheat. 283, 339, 340; *Pease v. Smith,* 61 N. Y. 477; *Wilkins v. Earl,* 44 id. 172; *Higgins v. People,* 58 id. 377.

For the respondent there was a brief by *McHugh, Lyons & McIntosh,* and oral argument by *Heber McHugh.* They contended, *inter alia,* that it is the duty of a street car driver to exercise the greatest care to avoid any collision or accident, especially at street crossings. He should exercise all the care that prudence may suggest in looking about and listening so as to assure himself that his track is clear and safe, and for his failure to do so his employer is responsible. *Heucke v. Milwaukee C. R. Co.* 69 Wis. 402; *Dahl v. Milwaukee C. R. Co.* 65 id. 376; Booth, St. Railways, 418; *Strutzel v. St. Paul C. R. Co.* 47 Minn. 543; *Shea v. St. Paul C. R. Co.* 50 id. 395; *Anderson v. Minneapolis St. R. Co.* 42 id. 490; *Baltimore C. P. R. Co. v. McDonnell,* 43 Md. 534; *Omaha St. R. Co. v. Duvall,* 58 N. W. Rep. 531; *Mayo v. B. & M. R. Co.* 104 Mass. 137; *Murphy v. Orr,* 96 N. Y. 14. As the motorman either did see, or by the exercise of slight diligence could have seen, the plaintiff's perilous condition in time to avoid the accident, she is entitled to recover. *Inland & S. C. Co. v. Tolson,* 139 U.

Little vs. Superior Rapid Transit R. Co.

S. 551; *Scott v. D. & W. R. Co.* 11 Ir. C. L. 377; *Woodward v. West S. St. R. Co.* 71 Wis. 625; *Austin v. N. J. Steamboat Co.* 43 N. Y. 82; *Heddles v. C. & N. W. R. Co.* 74 Wis. 239; *Morris v. C., B. & Q. R. Co.* 45 Iowa, 32; *Valin v. M. & N. R. Co.* 82 Wis. 1. Contributory negligence in order to defeat recovery must be the proximate cause, not the remote cause of the injury, and it is for the jury to determine whether the cause is remote or proximate. Therefore if there be negligence on the part of the plaintiff, yet if at the time when the injury was committed it might have been avoided by the defendent in the exercise of reasonable care and prudence, an action will lie for the injury. *Stucke v. M. & M. R. Co.* 9 Wis. 215; *Trow v. Vt. Cent. R. Co.* 24 Vt. 487; *Kline v. Cent. Pac. R. Co.* 37 Cal. 400; *Weymire v. Wolfe,* 52 Iowa, 533; *Walsh v. Miss. V. Transp. Co.* 52 Mo. 434; *Thirteenth & F. St. P. R. v. Broudrou,* 92 Pa. St. 475; *Pittsburgh, C. & St. L. R. Co. v. Conn,* 104 Ind. 64. Under the evidence in the case the court cannot say, as a matter of law, that the plaintiff was guilty of contributory negligence. Beach, Cont. Neg. § 290; *Thoresen v. La Crosse C. R. Co.* 87 Wis. 597; *Johnson v. L. S. T. & T. Co.* 86 id. 64; *Wells v. Brooklyn C. R. Co.* 58 Hun, 389; *Kellny v. Mo. Pac. R. Co.* 8 L. R. A. 783; *Shea v. St. Paul C. R. Co.* 50 Minn. 395; *Shea v. P. & B. V. R. Co.* 44 Cal. 414; *Spurrier v. Front St. C. R. Co.* 3 Wash. 659; *Swain v. Fourteenth St. R. Co.* 93 Cal. 179; *Dallas R. T. R. Co. v. Elliott,* 26 S. W. Rep. 455; *Will v. West S. R. Co.* 84 Wis. 42; *Quinn v. Atl. Ave. R. Co.* 12 N. Y. Supp. 223; *Chicago C. R. Co. v. Robinson,* 127 Ill. 9; *Hancy v. Pittsburgh, A. & M. T. Co.* 159 Pa. St. 399. The failure to look and listen before crossing a street railway track is not, as matter of law, negligence. Beach, Cont. Neg. § 290; *Buzby v. Phila. Traction Co.* 126 Pa. St. 559; *Shea v. St. Paul C. R. Co.* 50 Minn. 395; *Anderson v. Minneapolis St. R. Co.* 42 id. 490; *McClain v. Brooklyn C. R. Co.* 116

N. Y. 459; *Dallas R. T. R. Co. v. Dunlap*, 26 S. W. Rep. 877; *Chicago C. R. Co. v. Robinson*, 127 Ill. 9; *Dahl v. Milwaukee C. R. Co.* 65 Wis. 371; *Thoresen v. La Crosse C. R. Co.* 87 id. 597.

CASSODAY, J. The evidence on the part of the plaintiff tends to prove that she and another person were riding in a phaeton with Mrs. Jones, who was an experienced driver; that Mrs. Jones was siting on the right-hand side of the phaeton; that the horse was going west on a walk, between the curb of the street and the south rail of the south track; that a sprinkling wagon was approaching from the west, about a block away; that to avoid the sprinkling wagon the driver, Mrs. Jones, attempted to cross the defendant's tracks by turning and going diagonally in a northwesterly direction, at an angle of about forty-five degrees; that the horse had crossed the south track, and also the space between the two tracks, and the hind wheel of the phaeton was on the north track when the collision occurred; that the top of the phaeton was up; that there were no curtains on the sides; that before and after turning the driver and the plaintiff were both listening for a car; that just after so turning the driver looked back along the track a distance of about forty-five feet to see whether a car was approaching; that she saw no car; that just as she turned the plaintiff looked back along the track a distance of one hundred feet, and saw no car; that neither the plaintiff nor the driver nor the other person mentioned knew of the approach of the car, or heard any signal, until it was within eight or ten feet of the carriage; that the car was moving at an unlawful rate of speed,— to wit, exceeding ten miles an hour; that the collision occurred instantly after they discovered the car. The evidence on the part of the defendant tends to prove that the phaeton was at the time going nearly straight across the track; that the speed of

the car at the time did not exceed five to seven miles per hour; that timely signals were given by those in charge of the car; and that the plaintiff and the driver could have seen the car in time to have avoided the injury, had they looked and listened as they should have done. We are constrained to hold that under the peculiar circumstances of this case the evidence was sufficient to justify the trial court in submitting the question of the defendant's negligence to the jury for determination.

Counsel for the defendant are undoubtedly right in contending, in effect, that a person approaching a railway track with the view of crossing the same is bound to use his eyes in looking and his ears in listening, and if he fails to do so and is injured in consequence, then he cannot recover, even though the defendant was guilty of a want of ordinary care. The decisions of this court to that effect are too numerous to mention. But, under the peculiar circumstances of this case, we are constrained to hold that the evidence was sufficient to justify the trial court in submitting to the jury for determination the question of contributory negligence.

Among other things, the court charged the jury that: "If you find a witness — conclude a witness — has *testified falsely* as to *any* material fact in the case, *you are permitted to disregard all of that witness's testimony, unless it is supported by* other evidence." This instruction authorized the jury to disregard all the uncorroborated testimony of any witness if they reached the conclusion that he had, even through inadvertence or mistake, sworn falsely as to any material fact. This was error. As a general rule the question of the credibility of witnesses is for the jury. If they find that a witness has testified falsely as to a material fact, they are, of course, at liberty to disregard such false testimony. But before they should apply the maxim, "False in one thing, false in all things," they should find

that the witness knowingly or intentionally or corruptly swore falsely as to a material fact. *Mercer v. Wright*, 3 Wis. 645; *Morely v. Dunbar*, 24 Wis. 185, 189; *Loucheine v. Strouse*, 49 Wis. 624; *Black v. State*, 59 Wis. 471; *People v. Evans*, 40 N. Y. 5; *Pease v. Smith*, 61 N. Y. 483; *People v. Chapleau*, 121 N. Y. 276. The maxim was apparently founded upon the old rule which rendered a witness convicted of wilful perjury incompetent to testify at all. That rule has in this state been abolished by statute, although the fact may be shown to affect his credibility. R. S. sec. 4073. In view of this change in the rule it would seem that the court should in no case take the question as to the credibility of a witness from the jury. *Mack v. State*, 48 Wis. 286.

The portion of the charge quoted was followed by this: "After all, gentlemen, there is, when a witness is testifying, an *indefinable something that rings of truth*, that *in spite of* and *in the face of everything* you have a right and should give heed to." This made it the duty of each juryman to define for himself this "indefinable something," and then to give heed to it, "in spite of and in the face of everything" else, which, in his mind, may have included a preponderance of the evidence. This was an invasion of the province of the jury. Besides, it gave them an intangible and unwarranted license, and hence was misleading. "Every party to an action at law in this state has a right to insist upon a verdict or finding based upon the law and the evidence in the case, and not, in the absence of evidence, upon mere inference, conjecture, and personal experience." *Sherman v. Menominee R. L. Co.* 77 Wis. 22. True, the jury were told that the verdict must be based upon the evidence given in the case, and upon nothing else. But this did not cure the error. *Sears v. Loy*, 19 Wis. 96; *Imhoff v. C. & M. R. Co.* 20 Wis. 344. The two instructions were inconsistent, and tended to confuse the jury. *Ibid.*

There is another portion of the charge justly subject to criticism. It is this: "Although plaintiff might not have exercised ordinary care in turning upon the track, still if the motorman *saw her* so in danger and unconscious of peril, and thereupon failed to exercise *ordinary care* to avoid the collision, and such *want of ordinary care* was the proximate cause of the injury, plaintiff should recover." If the motorman so saw the plaintiff in such danger and unconscious of her peril, and might, by the exercise of reasonable care and prudence, have avoided the consequences of the plaintiff's negligence, but failed to do so, then such failure was something more than a want of ordinary care on his part, and amounted to wanton or reckless conduct, as indicated in the portion of the charge following the part quoted. *Inland & S. C. Co. v. Tolson,* 139 U. S. 551, 558; *Valin v. M. & N. R. Co.* 82 Wis. 16. Certainly, a plaintiff cannot recover where both parties are equally guilty of a mere want of ordinary care — otherwise, contributory negligence would not be a defense.

*By the Court.*— The judgment of the superior court of Douglas county is reversed, and the cause is remanded for a new trial.