Richardson v. Babcock, 119 Wis. 141.

RICHARDSON, Respondent, vs. BABCOCK, Appellant.

*September 8—September 29, 1903.*

*Instructions to jury: Exceptions: Credibility of witnesses: Evidence: Burden of proof: Conversation between parties.*

1. A general exception to the whole of a certain part of the charge to the jury is unavailing if any distinct and independent proposition covered by such exception is correct.
2. The jury may properly be instructed that if they believe that a witness has wilfully and knowingly sworn falsely as to any material matter in issue they are at liberty to disregard his entire testimony, except so far as corroborated by other credible evidence.
3. If an instruction to the jury is so worded that it may reasonably receive two different interpretations, one correct and one incorrect, it must be held erroneous and prejudicial.
4. An instruction to the effect that the jury are not bound to believe everything a witness testifies to, provided they believe that he is mistaken or has wilfully falsified as to one matter, is criticised.
5. In a colloquy between court and counsel at the close of the charge, the court assented to the proposition that plaintiff must recover, if at all, upon the preponderance of evidence, and further instructed the jury that the burden of proof was upon plaintiff to establish the contract sued on as he claimed it to be, by the weight of the testimony. *Held*, not erroneous. in the absence of a request for more specific instructions.
6. Where an entire conversation between parties related to the subject matter of the controversy, though a part thereof was somewhat remote in its bearing, it was all properly admitted in evidence.

APPEAL from a judgment of the circuit court for Green county: B. F. DUNWIDDIE, Circuit Judge. *Affirmed.*

This is an action by a broker to recover commissions for the sale of land. The plaintiff claims that he procured purchasers for sixteen quarter sections of land in South Dakota under a contract with the defendant by which he was to be paid $50 per quarter section for his services, and that the defendant has paid only $211 thereon, leaving a balance of $589 due. The defendant admits that he agreed to pay the plaintiff $50 per quarter section for all lands sold by the plaintiff which belonged to him individually, and that the plaintiff sold three quarter sections of such land, and earned $150 in commissions thereby; but he claims that the balance of the lands sold by the plaintiff was the property of a corporation called the Artesian Land Company, and he denies that he agreed to pay the plaintiff anything for selling said last-named land. The defendant also claims to have paid $275.82 in excess of the commissions earned by the plaintiff, and counterclaims to recover that sum.

The action was tried before a jury, the principal question being as to the terms of the contract between the parties. In the course of his charge to the jury the trial judge gave the following instructions:

"Your verdict, of course, will be based upon the evidence, and the evidence alone. You must carefully, impartially, and fairly weigh it, and all of it, to the best of your ability, and render such verdict as you find and believe from the evidence should be rendered. In weighing the testimony of the witnesses, you are not bound to believe everything testified to by a witness to be a fact, because the witness so testifies, provided you believe from the evidence in the case, and from all the facts and circumstances proven on the trial, that such witness is mistaken as to some matter testified to, or has knowingly and wilfully testified falsely in relation thereto. And if you find and believe from the evidence that any witness has wilfully and knowingly sworn falsely on this trial as to any matter or thing material to the issues in this case, then you are at liberty to disregard the entire testimony of such witness, except in so far as such testimony has been corrob-

orated by other credible evidence in the case, or by facts and circumstances proven on the trial."

At the close of the general charge the following colloquy between the court and counsel took place:

"*Court:* Did you notice any misstatements in the charge, gentlemen? *Mr. Clawson:* If the plaintiff recovers, he must recover on a preponderance of the evidence. *Court:* Yes; (to jury) the burden of proof is upon the plaintiff to establish the contract as he claims it to be. *Mr. Douglas:* That is, from the weight of the testimony. *Court:* Yes; the weight of the testimony, not the number of witnesses."

The jury returned a verdict for the plaintiff, with damages assessed at $391.64, and the defendant appeals from judgment thereon.

For the appellant there was a brief by *P. J. Clawson* and *L. Q. Hardesty,* and oral argument by *Mr. Clawson.*

For the respondent there was a brief by *H. N. B. Caradine* and *A. S. Douglas,* and oral argument by *Mr. Douglas.*

WINSLOW, J. The appellant's principal contention is that that part of the charge of the court relating to the credibility of witnesses, which is quoted in full in the statement of the case, is erroneous. Separate exceptions were not taken to the various sentences of this part of the charge, but one general exception was taken to the whole thereof. In this situation, the rule is familiar that, if any distinct and independent proposition covered by the exception is correct, the exception is unavailing.

The last proposition contained in that part of the charge quoted, to the effect that, if the jury believe that any witness has wilfully and knowingly sworn falsely as to any material matter in issue, then they are at liberty to disregard his entire testimony, except so far as corroborated by other credible evidence, is undoubtedly a correct statement of the law. The cases so holding are numerous, beginning with *Mercer v. Wright,* 3 Wis. 645, and ending with *Patnode v. Westen-*

*haver,* 114 Wis. 460, 90 N. W. 467. Had a separate excep-
tion been preserved to the proposition immediately preceding
the sentence just considered, the question whether it could be
sustained would be a doubtful one. It must be said that it is
unfortunate in its wording, if not positively erroneous, be-
cause liable to be wrongly interpreted. The principle is
well settled in this court that if an instruction is so worded
that it may reasonably receive two different interpretations,.
one correct and one incorrect, it must be held erroneous and .
prejudicial. *Small v. Champeny,* 102 Wis. 61, 78 N. W.
407, and cases cited at page 68 of 102 Wis. (78 N. W. 409).
Stripped of verbiage, the sentence in question says that the
jury are not bound to believe everything a witness testifies to,
provided they believe that the witness is mistaken or has
wilfully falsified as to one matter testified to. Now, if this
can only be construed by a reasonable mind to mean simply
that the jury may reject the testimony of the witness as to the
one matter about which he is mistaken or has falsified, the
instruction is correct; but if reasonable men upon the jury
might understand from the sentence that, if they believed
the witness was mistaken or has falsified as to one matter,
then they were at liberty to reject his testimony as to other
matters, it is evidently erroneous and misleading. Herein
lies the only difficulty with the instruction. As no proper ex-
ception has been preserved, we do not decide the question, but
we may properly indicate that, if the idea which was in the
mind of the court is to be given to the jury, it should be given
more clearly, and in language which will admit of no reason-
able misconstruction.

Exception was also taken by the defendant to the remarks ·
of the court made during the colloquy between court and
counsel at the close of the charge relating to preponderance
of evidence and burden of proof. The remarks were strictly
correct. Assent was given to the proposition that the plaint-
iff must recover, if at all, upon the preponderance of evi-

Richardson v. Babcock, 119 Wis. 141.

dence, and the further instruction was given that the burden of proof was upon the plaintiff to establish the contract as he claimed it to be by the weight of the testimony. There was no request for any more specific instructions, and hence no error.

An exception was urged to one ruling upon testimony, which must be briefly considered. The plaintiff claimed to have induced one Smock to go to South Dakota to examine the lands, and that Smock had purchased a number of quarter sections as the result of the visit. The defendant denied that plaintiff had sold any lands to Smock. In order to prove his contention that there had been a sale to Smock, the plaintiff testified to a conversation with the defendant in which the defendant admitted that Smock bought a quarter section, but also said that he (defendant) was obliged to buy a quarter section with him to get him to buy, and that Smock paid $1,200 for his quarter section, but that defendant paid only $300 for his, whereupon the plaintiff objected to this way of treating customers. The latter part of the conversation was objected to by the defendant as irrelevant, but the objection was overruled. We find no error in this ruling. The entire conversation related more or less directly to one of the contested questions in the case. While the part objected to was somewhat remote in its bearing, still it was held between the parties, and related to the general subject matter of the controversy, and hence was properly allowed.

Finally it was objected that the verdict was against the evidence. We have examined the evidence with care, and find it to be sufficient.

*By the Court.*—Judgment affirmed.