### STATE v. JOHN MADDEN.[1]

December 5, 1924.

No. 24,157.

**When defendant can show witness for state has been promised immunity.**

    1. When the state calls as its witness the co-defendant of the defendant on trial, it is proper for the defendant to show on cross-examination a promise of immunity made to such witness. The fact of such promise bears upon his credibility.

**State cannot claim communication to attorney was privileged.**

    2. The privilege from disclosing communications to an attorney is that of the client and cannot be asserted by the state calling the client as its witness.

[1]Reported in 201 N. W. 297.

**To impeach witness time and place should be proved.**
3. Where it is sought to impeach a witness by proof of contrary statements time and place should be fixed.

**Miscarriage is not essential of crime of abortion.**
4. Under the statute making the administering of drugs or the use of instruments with intent to produce a miscarriage the crime of abortion, it is not essential to the commission of the crime that a miscarriage result.

Defendant and another were indicted by the grand jury of Blue Earth county charged with the crime of abortion. Defendant was tried separately in the district court for that county before Comstock J., and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Reversed.

*C. J. Laurisch* and *Regan & Grogan,* for appellant.

*Clifford L. Hilton,* Attorney General, and *James E. Markham,* Deputy Attorney General, and *Frank E. Morse,* County Attorney, for respondent.

DIBELL, J.

The defendant Madden and another were indicted for the crime of abortion. Upon his separate trial Madden was convicted. He appeals from the order denying his motion for a new trial.

1. Madden's codefendant, a woman, was a witness for the state. On her cross-examination the defendant offered to show that she had been promised immunity if she would testify. The proffered testimony was rejected. The fact of promised immunity was competent as affecting her credibility and its rejection was error. Black v. State, 59 Wis. 471, 18 N. W. 457; Allen v. State, 10 Oh. St. 287, 306; Barr v. People, 30 Colo. 522, 71 Pac. 392; Craft v. State, 3 Kan. 450, 479; People v. McKinney, 267 Ill. 454, 460, 108 N. E. 652; People v. Andrae, 295 Ill. 445, 459, 129 N. E. 178; State v. Barretta, 47 Utah, 479, 155 Pac. 343. Thus, in 2 Wigmore, Ev. (2d ed.) § 967:

"It bears against a witness' credibility that 'he is an accomplice in the crime charged and testifies *for the prosecution*; and the *pendency of any indictment* against the witness indicates indirectly a similar possibility of his currying favor by testifying for the state; so, too, the existence of a *promise* or just expectation *of pardon* for his share as accomplice in the crime charged."

2. The reversal is placed easily enough upon the ground just stated. But because of confusion apparent at the trial we refer to other questions which may arise again.

On cross-examination of the woman upon whom it was claimed an abortion had been performed the defendant sought to show, as a basis for her impeachment, that she had made to two other persons statements contrary to her statements incriminating the defendant, tending to show his refusal to give her the relief which she wanted. One of these persons was an attorney. The state sought to show that the relationship of attorney and client existed, and objected to her testimony as privileged under G. S. 1913, § 8375 (2), and the objection was sustained. The proof of the relation of attorney and client was unsatisfactory. Apparently the attorney represented the man responsible for the woman's condition. But passing that, the privilege was that of the witness. The state could not invoke it for its own purposes. 5 Wigmore, Ev. (2d ed.) §§2321-2327; Dunnell, Minn. Dig. § 10313. This is the rule adopted in other cases of privilege. Dunnell, Minn. Dig. §§ 10314, 10343. Sometimes it is said that the client may waive the privilege expressly or impliedly. 5 Wigmore, Ev. (2d. ed.) § 2327. There are occasions, perhaps this was one, where the presiding judge with propriety might inform the witness of the privilege.

3. Counsel for the defendant did not lay the usual foundation for impeachment by fixing time and place of the making of contrary statements. Dunnell, Minn. Dig. § 10351. Perhaps the witness was sufficiently apprised of that to which her attention was directed without specific reference to time and place. See Johnson v. Young, 127 Minn. 462, 149 N. W. 940. We do not say. Good practice suggests the laying of a better foundation.

4. Under the statute "every person who, with intent thereby to produce the miscarriage of a woman," prescribes or administers any drug or medicine or uses any instrument or other. means, is guilty of abortion. G. S. 1913, § 8693. It is not necessary that a miscarriage result. State v. Owens, 22 Minn. 238; 1 R. C. L. 73; 1 C. J. 313, and cases cited. The court charged correctly upon this point.

In leaving the case, and in view of another trial, it is proper to say without particularizing that the defendant was too much restricted in his offered proof of facts bearing upon the commission of the offense charged.

Order reversed.