## CECILIA M. FIRTH v. JOSEPH BRIARTON.[1]

March 18, 1927.

No. 25,829.

**New trial should not be granted for error in reference to immaterial matter.**

The error, in refusing to permit an attorney for plaintiff on cross-examination to answer the question whether he was retained under an agreement that he should have no fee unless there was a recovery, should not result in a new trial where the attorney was called merely to rebut an immaterial and irrelevant matter which had no bearing on the issues tried and which defendant ought not to have injected into the trial.

New Trial, 29 Cyc. p. 784 n. 68.

Defendant appealed from a judgment of the district court for Steele county, Peterson, J., of the Tenth judicial district acting for Senn, J., of the Fifth judicial district. Affirmed.

*Leach & Leach,* for appellant.

*John Swendiman, Jr.,* and *F. G. Sasse,* for respondent.

HOLT, J.

Defendant appeals from a money judgment.

About dusk on an October day, 1924, plaintiff, walking on a

[1]Reported in 212 N. W. 805.

public highway, was struck by an automobile coming from behind, fracturing both bones of her left leg about an inch above the ankle. There is no contention that the injury was not due solely to the driver's negligence, nor is the amount of the verdict questioned. The sole controversy at the trial was whether defendant's car or a car driven by some other person struck her. Plaintiff testified, and was corroborated by the automobilist who met her at the time she was hit and who stopped to pick her up and bring her to the doctor, that no other car passed her than defendant's. Defendant and his wife testified that another car, traveling in the same direction as the parties hereto, passed ahead of defendant a short distance before he came to plaintiff where she was lying beside the road injured, and that he did not strike her. They are also corroborated by a person who claims to have seen a car passing at a high speed a couple of moments before defendant entered the highway, about a quarter of a mile from where plaintiff was found. There is ample evidence sustaining the verdict that it was the car driven by defendant which struck plaintiff. The only question raised by the assignments of error relates to rulings at the trial and alleged misconduct of plaintiff's attorney.

We find so little in the charge of misconduct that it does not merit criticism or even notice. Nor are there rulings upon the reception or exclusion of evidence save one that could present any reasonable ground upon which to request a reversal.

It appeared that some time after the accident and prior to bringing of suit Mr. Swendiman, an attorney employed by plaintiff, went to defendant's home to discuss settlement. In the course of the conversation he expressed a desire to see the automobile, for the purpose of discovering if any evidence of the collision with plaintiff was to be found there. Defendant showed him the car, and after examining the same, defendant testified that Swendiman said: "Well, I don't see if they have got any case at all." In rebuttal Swendiman was called and admitted practically what defendant testified as to the conversation at that time, except that he denied having made the statement above quoted. Then on cross-exami-

nation to the question, whether he did not have the case on a contingent fee and was to receive nothing unless there was a recovery, an objection was interposed and sustained. The ruling was clearly erroneous. The pecuniary or other interest of a witness in the result of the litigation, and the extent thereof, is always a matter of importance in weighing his testimony. Olson v. Moorhead, 142 Minn. 267, 171 N. W. 923; State v. Madden, 161 Minn. 132, 201 N. W. 297; Harrington v. City of Hamburg, 85 Iowa, 272, 52 N. W. 201; Central Branch Union Pac. R. Co. v. Andrews, 41 Kan. 370, 21 Pac. 276; Pecos River R. Co. v. Harrington, 99 S. W. 1050 (Tex. Civ. App. reported in 18 Tex. Court Reporter 67). But this technical error in the ruling should not reverse. It touched a matter wholly immaterial and irrelevant to the issues in the case.

Defendant should not have been allowed to testify that plaintiff's attorney expressed an opinion respecting her case against defendant. The attorney was not at the accident, and knew none of the facts relating thereto. His employment did not authorize him to make admissions as to the facts except in open court or by stipulation in the suit. She was not bound by any legal opinion that he might express to defendant or others concerning her right of recovery. What he thought of defendant's liability was wholly immaterial and irrelevant to the issues on trial. A party by introducing irrelevant and immaterial testimony should not, when the other party rebuts it, be allowed to complain of errors in unduly limiting cross-examination of the witness rebutting such irrelevant and immaterial matters. In the cases cited it will be found that where an attorney was required on his cross-examination to disclose what his fee or interest in the litigation was he had on direct examination testified to some material or relevant matter in issue. Such was not the case here. We may also remark that the fender Swendiman saw, and which was claimed to have struck plaintiff, was also seen by the jury.

The judgment is affirmed.