NELS OLSON v. EDWARD P. MOORHEAD AND ANOTHER.[1]

April 25, 1919.

No. 21,139.

**Appeal and error — reversal — failure to submit question to jury.**
1. As the jury by their verdict necessarily found that defendants were free from negligence, the failure to submit to them the question of wilful negligence, even if there was some evidence tending to show such negligence, is not ground for reversal.

**Negligence of defendants question for jury.**
2. The evidence made the question of defendants' negligence a question for the jury. This question was properly submitted to them, and neither the rulings nor the charge disclose any reversible errors.

**Witness — evidence of financial interest in the suit.**
3. Where an attorney testifies as a witness for his client, it is permis-

[1]Reported in 171 N. W. 923.

sible to show that he has a financial interest in the result of the suit as bearing on the weight to be given his testimony.

Action in the district court for Hennepin county to recover $6,325 for injuries caused by the automobile of defendants. The case was tried before Hale, J., who denied defendants' motions for a directed verdict, and a jury which returned a verdict for defendants. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Donald H. Hughes,* for appellant.

*John F. Bernhagen,* for respondents.

TAYLOR, C.

Plaintiff was struck and injured by defendants' automobile and brought suit for damages. At the trial the sole question submitted to the jury, aside from the amount of damages to be awarded, if any, was whether the driver of the car was guilty of negligence which resulted in the happening of the accident. The court charged the jury that the evidence would not warrant a finding of contributory negligence on the part of plaintiff, nor a finding of wilful and wanton negligence on the part of the driver of the car, and that: "This case must be decided upon the ordinary question which is submitted to a jury—was the defendant guilty of negligence; did he do anything or did he fail to do anything which a prudent man, under the same or similar circumstances, would have done or would not have done? That is the rule by which to measure defendant's conduct." The jury returned a verdict for defendants and plaintiff appealed from an order denying a new trial.

Plaintiff insists that the testimony of at least one witness tended to show that the driver was guilty of wilful and wanton negligence and bases his principal contention in this court on the claim that the trial court erred in excluding that question from the jury.

Under the instructions given the jury, their verdict necessarily amounted to a specific finding that defendants had not been guilty of any actionable negligence of any kind. The claim of wilful negligence was necessarily negatived by the finding of no negligence, and if we concede that the testimony referred to, which is out of harmony with all the other evidence in the case, was sufficient to make a question for the jury,

still the instruction complained of would furnish no ground for a reversal, for the jury clearly rejected this testimony.

The evidence made the question of negligence a question for the jury and is sufficient to sustain their verdict.

The court submitted the case to the jury in a clear and accurate charge. We find nothing therein nor in the rulings during the trial of which we think plaintiff has any just cause to complain.

One of plaintiff's attorneys testified as a witness for plaintiff and the court permitted the defendant on cross-examination to elicit the fact that he had taken the case on a contingent fee basis. Plaintiff urges this as error. It is permissible to show the interest of a witness in the result of the litigation, as it may have a bearing on the weight to be given to his testimony, and the court could properly permit the question. Only the bare fact was elicited; no inquiry was made as to the terms of the agreement.

Our examination of the record discloses no reversible error and the order is affirmed.