ROBERT GIBSON v. GRAY MOTOR COMPANY.

ELIZABETH GIBSON v. GRAY MOTOR COMPANY.[1]

November 5, 1920.

Nos. 21,902, 21,903.

**Collision between pedestrian and automobile — negligence — questions for jury.**

1. Whether defendant was guilty of negligence and whether plaintiffs were guilty of contributory negligence were both questions for the jury under the evidence.

**Cross-examination of witness — defendant protected by insurance.**

2. Facts tending to show interest, bias or motive on the part of a witness may be elicited on cross-examination as bearing on the weight to be given his testimony, although such examination may necessarily disclose that the defendant in a personal injury action is protected by insurance.

**Damages not excessive.**

3. The rulings and charge were without error, and the verdicts are not excessive.

Two actions in the district court for Hennepin county, one by the husband to recover $10,500 for injuries to his own person and for loss of services of his wife and medical attendance; the other by the wife to recover $50,000 for her own injuries. The facts are stated in the opinion. The answers set out the provisions of a city ordinance by which certain described limits within the city of Minneapolis became a portion of the congested district; that the place of the accident was within those limits; that the ordinance provided that pedestrians crossing any street at the intersection thereof with any other street should pass over such portion of the street as was included within the lines of the sidewalk projected and not diagonally; that plaintiff and his wife crossed the street at a place other than that provided, directly contributing to the accident. The cases were tried together before Bardwell, J., who at the close of the

[1]Reported in 179 N. W. 729.

testimony denied defendant's motions for directed verdicts, and a jury which returned a verdict for $3,000 in favor of plaintiff husband and a verdict for $10,000 in favor of plaintiff wife. From an order denying its motion for judgment notwithstanding the verdicts or for a new trial, defendant appealed. Affirmed.

*Gray & Eaton* and *A. C. Finney,* for appellant.

*F. D. Larrabee,* for respondents.

TAYLOR, C.

Robert Gibson and Elizabeth Gibson, husband and wife, passed the evening of Saturday, November 16, 1918, with friends in the Randolph Apartments, located at the southwest corner of the intersection of Hennepin avenue with Twelfth street in the city of Minneapolis. Late that night they started to return to their home located on Twelfth street a short distance east of Hennepin avenue. It had rained all the evening and was still raining. As they were crossing Hennepin avenue, both under one umbrella, they were struck by defendant's automobile. They sued separately for damages. The two actions were tried together before the same jury by consent, and resulted in verdicts for the respective plaintiffs. In both actions, defendant made a motion for judgment non obstante or for a new trial, and appealed from an order denying the motion.

Defendant contends that the evidence conclusively establishes contributory negligence on the part of the plaintiffs. A careful examination of the record satisfies us that the question whether the defendant was guilty of negligence, and the question whether the plaintiffs were guilty of contributory negligence, were both questions for the jury

The entrance to the Randolph Apartments is on Hennepin avenue 65 feet south of Twelfth street. Double street car tracks extend along the avenue. According to the testimony of the plaintiffs, they walked north along the sidewalk on the west side of Hennepin avenue to the crossing at Twelfth street and then turned east and started to cross Hennepin avenue. They saw the automobile coming from the north at a high rate of speed, and stopped four or five feet from the street-car track to permit it to pass. The automobile was traveling south along the west street-car track, with its left wheels between the rails and its right wheels about

a foot outside the west rail. Plaintiffs insist that it had ample room to pass if it had continued on its course, but testified that when it was within 10 or 12 feet of them, it turned to the left and the rear end of the car "slewed around" and struck them. They both state that it was coming very fast, but made no attempt to estimate the rate of speed. A witness, who was less than a block away, and who had owned and driven automobiles, said that, in his opinion, it was going 35 miles an hour when it passed him. When an automobile going at a high speed on a wet pavement turns, it is not unusual for the rear end to "slew around." The driver admits that he turned to the left at about the time of the accident, but insists that the accident occurred directly in front of the entrance to the Randolph Apartments, instead of at the crossing, and that the plaintiffs walked into the side of the car. Owing to the rain he did not see them until the moment of the accident, although they were the only persons in the street. The testimony of two witnesses tends to corroborate the plaintiffs as to the place of the accident. The testimony of the two men who picked up Mrs. Gibson, that she was lying a few feet south of the entrance to the apartment, tends to corroborate the driver as to the place of the accident. That the accident happened is beyond dispute. Whether it happened at the crossing or 65 feet south of it, the jury could find that it happened in the manner claimed by the plaintiffs, and resulted from negligence in driving at a high speed when the vision of the driver was obscured by darkness, rain and a wet windshield, and that the plaintiffs were not guilty of contributory negligence in waiting for the car to pass at the point where they stopped.

A witness, called by defendant, gave testimony tending to discredit the testimony of plaintiff Robert Gibson. On cross-examination, plaintiffs were permitted to elicit the fact that the witness was in the employ of an insurance company, that he had investigated the accident for the insurance company, and that the insurance company was interested in the outcome of the suit for the reason that it had insured defendant against liability for such accidents. Defendant contends that the court erred in permitting this cross-examination. Testimony showing that defendant was insured, was doubtless prejudicial, and admitting such testimony was error unless it was material and relevant for some purpose other than merely showing the existence of the insurance. Facts tending to show

that a witness is interested in the result of the litigation, or is biased in favor of, or against, one of the parties, or has a motive for favoring one party as against the other, may be shown, as such facts have a bearing on the weight to be given to his testimony. The cross-examination objected to was directed to this purpose, and we think it was within the discretion of the court to permit it. Olson v. Moorhead, 142 Minn. 267, 171 N. W. 923.

3. Defendant complains of the charge of the court in respect to the degree of care required of plaintiffs in crossing the street. We find no substantial ground for this complaint. The charge, as a whole, gave the jury the correct rule.

4. At the close of the charge, defendant's attorney stated privately to the court that plaintiffs' attorney had characterized an automobile as a dangerous instrumentality in his argument to the jury, and asked the court to instruct them that it was not. The failure of the court to do so is urged as error. There are several reasons why this contention cannot be sustained, but it is sufficient to say that, as the attorney's statement to the jury is not in the record, we cannot consider an alleged error based thereon.

5. Defendants also contend that the verdicts were excessive. The facts, as shown by the record, will not justify this court in interfering with them. Mrs. Gibson sustained a fractured skull resulting in very serious permanent disabilities, and Mr. Gibson incurred a large expense for her care and treatment.

The orders of the lower court are affirmed.