## HOME INS. CO. OF NEW YORK v. ROBERTS et al.
## No. 1411.

Court of Civil Appeals of Texas. Waco.
Dec. 14, 1933.

Rehearing Denied Feb. 1, 1934.

R. G. Storey and H. B. Sanders, all of Dallas, for appellant.

Walker & Baker and Irwin T. Ward, all of Cleburne, for appellees.

STANFORD, Justice.

This is a suit brought by appellee F. W. Roberts against appellant the Home Insurance Company of New York, Tom E. Grant and wife, Sallie Grant, and Miss Agnes Roberts, growing out of the execution of a fire insurance policy in the amount of $1,500 written by appellant in favor of the appellee Tom E. Grant. The record shows that Roberts owned a 50-acre farm near Cleburne and that Tom E. Grant and wife owned a house and lot in Cleburne, Tex.; that said parties agreed on an exchange of said property. It was further agreed between the parties that Tom E. Grant and wife should have the privilege of occupying the property in Cleburne for thirty days after the trade was made; that about the time that the proposed trade was to be closed, the matter of the transfer of insurance was taken up, and that the recording agent, Roy L. Doak, advised the parties in making said exchange. That soon after said trade was closed and before the house was delivered to Roberts, the property situated in Cleburne for which F. W. Roberts traded burned, and said property was a total loss; that due notice was given, and that plaintiff failed to pay the amount of the policy to the plaintiff F. W. Roberts, but did pay the insurance on household goods. It was a combination policy, $1,500 on the house owned by Roberts but in possession by Grant, and household goods owned by Grant.

Appellees filed a trial amendment alleging that Roy L. Doak, the recording agent of appellant, was advised of the negotiations for the transfer of the property and did not raise any objection to such transfer, and that thereby the requirements of the policy as to notice, indorsements, etc., were waived.

There was no controversy between the said F. W. Roberts and Tom E. Grant. The insured Grant made a demand for the loss on the household goods, and same was settled and a release taken from him for the loss claimed by him as to a small amount of furniture and household goods. Appellant refused to pay the $1,500, the agreed value of the house situated in Cleburne, so this suit was brought by F. W. Roberts against the insurance company to collect same.

"Farm Department, License No. 377, Agent No. —— Notice of appointment of recording agent, Roy L. Doak, (Agents or agency name) Address: Cleburne, Texas. Persons comprising agency, Roy L. Doak.

"State of Texas
"Board of Insurance Commissioners:

"The Home Insurance Co., N. Y. hereby certifies that the above named person or persons is-are bona fide residents of the State of Texas, and is-are qualified to act as Recording Agent, and is-are not disqualified under the laws of the State of Texas to act as Recording Agent for this or any other insurance company licensed in said State, is a reliable individual of good character and reputation and is hereby appointed agent for the transaction of its authorized business of insurance in Texas under its said permit until such authority is revoked or otherwise terminated.

"The Home Insurance Co., N. Y., by
D. D. McLary.
"W. W. Tarver, Chairman Board of
Insurance Commissioners.
"Date: Dec. 18, 1931
"Approved Feb. 9, 1932."

The concluding lines of the above instrument No. 377 expressly confer upon Roy L.

Doak the powers of a general agent in transacting insurance business for the appellant.

## Opinion.

Under its first assignment, appellant contends "the court erred in failing and refusing to instruct a verdict in favor of the defendant."

Under its assignment of error No. 2, appellant contends "the court erred in admitting evidence from the State Department of Insurance showing the appointment of Roy L. Doak as recording agent, without limiting same to the actual powers conferred upon Roy L. Doak by this defendant."

Under its assignment of error No. 3, appellant contends "the court erred in permitting testimony as to the introduction of such certificate for the purpose of showing the extent of the authority of Roy L. Doak."

These propositions will be discussed together. It is thought that each of these assignments should be overruled, because under the clear and express language of license No. 377, above, Roy L. Doak was clothed with complete authority as recording agent to transact any of appellant's insurance business; that is, he had the authority to transact all insurance business for appellant the same as any other general agent would have done. It will be observed further that each of these contentions of appellant challenges the authority of Roy L. Doak in the very face of the written authority as shown by the license No. 377, referred to above, and no one denies the written authority of Doak as recording agent. Appellant contends further that it was error on the part of the court in refusing to limit the authority of Roy L. Doak, but does not suggest how or in what manner it desires the authority of said Doak to be limited. Evidently what appellant desired was to have Doak not limited but enlarged in his testimony to parol evidence, when the written evidence contained in license No. 377 sets forth fully and clearly the written authority of said Doak. In addition to the written evidence indicated above, there are many circumstances corroborating and tending to show that Doak did have all of the authority of a general agent and same was in writing and clearly expressed.

Under article 5062a, Doak was required to obtain the license before his appointment as recording agent could be approved by the board of insurance commissioners. The appointment introduced in evidence was an original document executed by appellant and approved by W. A. Tarver, chairman. It was called a certified copy, but this was corrected later and is referred to in the record as the "certificate," the "pink card," and "Doak's appointment." It is entitled "notice of appointment of recording agent." Appellant appointed Doak as its recording agent at Cleburne for its farm department December 18, 1931, for the transaction of its authorized business of insurance in Texas, to continue until revoked or otherwise terminated. This appointment was in full force and effect at the time of the trade between Roberts and Grant, the transfer of the policy consented to by Doak, and was still in effect at the time of the trial of this case. Appellant made no effort to show that the appointment of December 18, 1931, had been revoked or modified. The authority conferred upon Roy L. Doak in No. 377 does not appear to have been canceled or revoked, and same appears to be in full force and effect. The above three contentions of appellant are hereby in all things overruled.

After the issuance of the policy sued on, the appellant appointed the said Roy L. Doak as its local recording agent and stipulated in the appointment that the said Roy L. Doak was authorized to represent it in transactions of its authorized business in Texas until such authority is revoked or terminated. The authorized business of the appellant in Texas included the issuance of policies, collection of premiums, acceptance of notice of transfer of beneficial interest in the policy, and the waiver of written indorsements on the policy of such transfers. The authority of such agents is found in said article 5062a, Vernon's Ann. Civ. St., being Acts of 1931, 42d Leg., c. 96. Section 2 of said article defines "local recording agents" as follows: "By the term Local Recording Agent is meant a person or firm engaged in soliciting and writing insurance, being authorized by an Insurance Company or Insurance Carrier to solicit business and to write, sign, execute and deliver policies of insurance and to bind companies on insurance risks, and who maintain an office and a record of such business and the transactions which are involved, who collects premiums on such business and otherwise performs the customary duties of a Local Recording Agent representing an Insurance Carrier in its relation with the public." By reference to license No. 377 and also article 5062a, Vernon's Ann. Civ. St., being Acts 1931, 42d Leg., c. 96, and section 2 thereof, it will be observed that said license and the section of our statute, above referred to, deal with the same matter, and both show the liability of the insurance company by virtue of said provisions.

It will be observed that the above section of our statute, being a definition of a recording agent, is written into, and became a part of, the laws of this state, article 5062a, § 2, and the definition of a recording agent became a part of said statute, and evidently conferred upon Roy L. Doak, the recording agent, the authority to do any and all things necessary to be done by any general insurance agent. We think there is no doubt but that under this statute and by virtue of the provisions of the license No. 377, Roy L. Doak was clothed with authority to do anything that any other general agent could do, and

that he had the authority to, and did in fact, do all that was necessary to be done by any general agent. The contention made by appellees is here in all things approved.

The record shows that Roy L. Doak testified as follows: "I told Mr. Smyth, as I said awhile ago, I ask him, 'Mr. Smyth, when your deal is completed, or when the trade is finally wound up, let me know in order that I may transfer the insurance to Mr. Roberts.'" Doak further testified he told Grant it was best to leave the policy as it was on the furniture and that it could be transferred to Roberts without making any change. On this point the record shows:

"Q. Then later on you saw Mr. Grant? A. Yes, sir.

"Q. Before the fire? A. Yes, sir.

"Q. What did he tell you? A. Well, Mr. Grant asked me something about the furniture item under his policy.

"Q. Yes? A. And I told him, I says, 'Well, Mr. Grant, we will leave that policy just as it is and we will transfer the policy as it is to Mr. Roberts and you take out a new policy covering your insurance.'

"Q. You suggested that the policy remain just like it was until Mr. Roberts got out there? A. That is right.

"Q. Then you saw Mr. Roberts before the fire? A. That is right.

"Q. You told him you wanted to go on carrying that insurance for him? A. Yes, sir, that is right.

"Q. And that was after you had been informed they were on a trade? A. Yes, sir."

Roberts and Grant contracted on March 28, 1932, and closed the trade April 4th. Grant in the contract agreed to transfer the insurance on the house to Roberts and reserved the right to remain in possession of the property for thirty days. Doak testified he learned of the trade in the first conversation with Smyth, the broker, when the latter asked him to figure the return premium, and that he then told Smyth to let him (Doak) know when the trade was closed so he could transfer the insurance. Doak then talked to Roberts and Grant about the insurance and told Grant it was best to leave the policy as it was on the furniture and that it could be transferred to Roberts without making any change, and that if he (Doak) had been requested he would have made the change on his office ledger so as to show the change of ownership of the property. The evidence shows that both Roberts and Grant, from the time of the conversation between

Smyth and Doak over the telephone April 4th, acted on the statements made by Doak that they would both be protected by the insurance, Roberts on the house and Grant on the furniture, and that the policy would stand as it was and be considered as transferred so far as the house was concerned from Grant to Roberts. While the acts of Doak are sufficient to constitute an estoppel, this was not necessary. Waiver of the requirements of the policy was all that was essential. Equitable Life Ins. Soc. v. Ellis, 105 Tex. 526, 147 S. W. 1152, 152 S. W. 625; Wagner & Chabot v. Ins. Co., 92 Tex. 555, 50 S. W. 569. The testimony of Doak established waiver beyond any question under the rule stated in British America Assur. Co. v. Francisco, 58 Tex. Civ. App. 75, 123 S. W. 1144, and other cases cited. The contentions of appellees herein are approved.

The record shows, we think, very clearly that Roberts and Grant having entered into an agreement to exchange their property, and not being familiar with such matters themselves, properly referred the matter to Roy L. Doak, who was an experienced man in such matters. Mr. Doak readily agreed to and did advise the parties to let the question of insurance remain as it was for thirty days, the time Grant was to continue in possession, and at the expiration of said thirty days the insurance would be transferred; that is, placing the insurance on the house and lot in the name of Roberts and the insurance on the household goods in the name of said Grant. This arrangement was advised by Roy L. Doak and was acted upon and carried out at his suggestion. We think it was legal and proper under the circumstances for the matter to be carried as it was. It occurs to us that neither side could have been injured by letting the matter stand, as suggested, until the expiration of the thirty days, and then have the transfers made as desired. We think no reversible error is shown by the record.

The judgment of the trial court is hereby in all things affirmed.

GALLAGHER, Chief Justice, and ALEXANDER, Justice (concurring).

We have very carefully examined each of the assignments of error presented herein by the appellant and have reached the conclusion that no reversible error is presented. While we do not concur in each of the findings of fact made in the course of the opinion by Associate Justice STANFORD, nor in all of the conclusions of law therein expressed, we do concur in an affirmance of the judgment of the trial court.