HOME INSURANCE COMPANY OF NEW YORK V.
F. W. ROBERTS ET AL.

No. 6725. Decided January 13, 1937.
Rehearing overruled March 24, 1937.
(100 S. W., 2d Series, 91.)

R. G. *Storey,* H. B. *Sanders, Storey, Sanders, Sherrill & Armstrong,* all of Dallas, for plaintiff in error.

The contract of insurance sued upon was in writing specifically providing that indorsements or changes of any kind must be in writing and approved by the managers of the Farm Department of the defendant, who, by the terms of the policy, were the only agents authorized to make such changes or to waive requirements, and such provision not having been complied with, it was error to refuse to permit the insurance company to prove the actual authority of the agent by whose acts it was sought to hold the company liable and to enlarge his authority by parol evidence, at variance with the terms of the policy sued upon, as it was apparent that the plaintiffs had not complied with such terms and that they were familiar with its provisions and the methods of indorsements or changes. Texas State Mutual Life Ins. Co. v. Richbourg, (Com. App.) 257 S. W. 1089; Missouri State Life Ins. Co. v. Boles, 288 S. W. 271 (writ refused) ; Jones v. Great Southern Life Ins. Co., 289 S. W. 450.

*Irwin T. Ward,* of Cleburne, for defendants in error.

It was not error for the court to permit the introduction of evidence to show the authority of the agent of the insurance company to waive formal written indorsements on the policy of insurance sued upon, even though the company denied such authority under oath, for the reason that such provisions was for the benefit of the insurer and can be waived by any agent with authority so to act and such denial under oath is not evidence that such authority does not exist, but is only a pleading to raise the issue and require proof of such authority. Republic Rec. Ins. Co. v. Ewing, 27 S. W. (2d) 270; Great Am. Casualty Co. v. Eichelberger, 37 S. W. (2d) 1050; 24 Tex. Jur. 807.

MR. PRESIDING JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

This is a suit on a fire insurance policy, by the defendants in error, F. W. and Agnes Roberts, who were not the assureds in the policy, against plaintiff in error, and against T. E. and Mrs. Sallie Grant, who were the named assureds in the policy.

On findings of a jury in answer to special issues, the trial court rendered judgment for the plaintiffs, Roberts, against plaintiff in error for the sum of $1500.00 with interest. This judgment was affirmed by the Court of Civil Appeals at Waco. 67 S. W. (2d) 369.

The record discloses: On March 28, 1932, F. W. Roberts, owner of certain city property in Cleburne, Johnson County, valued at $2000.00, entered into a contract of exchange with T. E. Grant, owner of an approximately 50-acre tract in Johnson County outside the City of Cleburne, valued at $4760.00, with an encumbrance thereon amounting to $1260.00. Under the contract Roberts agreed to convey to Grant, his city property, assume said indebtedness of $1260.00 and pay $1500.00 in cash; Grant agreed to convey his country property to Roberts. The agreement of exchange was consummated by execution of deeds between the parties, dated April 2d and April 4th, 1932, respectively.

At this time, Grant held a fire insurance policy issued by the Home Insurance Company, dated June 18, 1928, effective from June 1, 1928, to June 1, 1933, covering the frame dwelling house situated on his country property, to the amount of $1500.00, and on household and kitchen furniture therein to the amount of $500.00, and on barns and sheds to the amount of $200.00.

The Grants began moving off their place on April 20, 1932. They had removed most of their personal property, but not all, on that day, and expected to remove the balance the next morning, when Roberts would move in. The house burned that night about 11 P. M. and was a total loss. A portion of the furniture was burned and the loss was paid to Grant by the plaintiff in error under the policy sued on, which included both the house and furniture.

In their pleading the Grants pray that plaintiffs Roberts recover from the insurance company; the trial court's judgment, on the theory that as they are not seeking affirmative relief, specially provided that they should be and are bound by the judgment.

The policy provided that it should be void "if any change, other than by the death of the insured, take place in the interest,

title or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured, or otherwise."

The case was tried on the theory of a waiver by the company of this provision of the policy, based upon notice to, and the acts and representations of, one Roy L. Doak, who, it is contended, was the agent and representative of the company, with full authority in the premises.

The Act of 1931 (42d Leg., Chap. 96) authorizes fire insurance companies to appoint two classes of agents, local recording agents and solicitors.

Sections 1 and 2 of the Act are as follows:

"Section 1. Insurance agents, as that term is defined in the laws of the State, shall for the purpose of this Act be divided into two classes; Local Recording Agents and Solicitors.

"Sec. 2. By the term Local Recording Agent is meant a person or firm engaged in soliciting and writing insurance, being authorized by an Insurance Company or Insurance Carrier to solicit business and to write, sign, execute and deliver policies of insurance and to bind companies on insurance risks, and who maintain an office and a record of such business and the transactions which are involved, who collects premiums on such business and otherwise performs the customary duties of a Local Recording Agent representing an Insurance Carrier in its relation with the public.

"By the term solicitor is meant a person officing with and engaged in soliciting insurance on behalf of a Local Recording Agent, who does not sign and execute policies of insurance and who does not maintain company records of such transactions. This shall not be construed to make a Solicitor of a Local Recording Agent who places business of a class which the rules of the company or carrier require to be placed on application or to be written in a supervisory office."

Under Section 3 of said Act reading:

"Sec. 3. When any person or firm shall desire to engage in business as a Local Recording Agent for an Insurance Company or Insurance Carrier, he shall make application for a license to the Board of Insurance Commissioners, in such form as the Board may require, and such license may be issued by said Board in the form prepared by it when he shall be found of good character and good reputation."

Doak obtained from the Board of Insurance Commissioners a license to engage in business as a local recording agent, the same reading:

"377.                              STATE OF TEXAS
                    BOARD OF INSURANCE COMMISSIONERS
                              Austin, Texas.

"THIS IS TO CERTIFY that Roy L. Doak, Cleburne, Texas, composed of Roy L. Doak, sole owner, has fully complied with the laws of this State with reference to the licensing of Recording Agents for fire and casualty insurance companies, and is hereby authorized to transact a Recording Insurance Agency business when and only so long as there shall be in force and effect a valid appointment from one or more companies duly authorized to do a fire or casualty insurance business in this State, or until such appointment or this certificate, or either of them is cancelled, revoked or otherwise terminated.

"IN TESTIMONY WHEREOF, I have hereto signed my name officially and caused the seal of my office to be affixed this October 9, 1931.                    W. A. TARVER, Chairman, Board
(Seal.)                              of Insurance Commissioners."

which it was agreed on the trial is still in force and effect.

This authorized Doak to act as local recording agent, but only after securing some company authorized to do business in this State, to designate him as such and notify the Board of Insurance Commissioners accordingly, as provided in Section 6 of said Act of 1931 which reads as follows:

"Sec. 6.   After a person or firm shall have been granted a license as Local Recording Agent in this State, he shall be authorized to act as such Local Recording Agent only after and while having been authorized so to do by an Insurance Carrier or Carriers, having a permit to do business in this State, and when so authorized each Company or Carrier or its General and/or State and/or Special Agent making the appointment shall immediately notify the Board of Insurance Commissioners in such form as the Board may require, of the appointment, and such person or firm shall be presumed to be the agent for such company in this State until such company or its General and/or State and/or Special Agent shall have delivered written notice to the Board of Insurance Commissioners that such appointment has been withdrawn."

The *company designated Doak as recording agent,* under said provision of the statute, and same was approved by the Chairman of the Board of Fire Commissioners, all as follows:

"License No. 377.
"FARM DEPARTMENT.
  Agent No.————.
  NOTICE OF APPOINTMENT OF RECORDING AGENT.
"Roy L. Doak, (Agents or Agency name)
  Address: Cleburne, Texas.
  Persons Comprising Agency: Roy L. Doak.
"STATE OF TEXAS
  BOARD OF INSURANCE COMMISSIONERS:
    "The Home Insurance Co., N. Y. hereby certifies that the above named person or persons is-are bona fide residents of the State of Texas, and is-are qualified to act as Recording Agent, and is-are not disqualified under the laws of the State of Texas to act as Recording Agent for this or any other insurance company licensed in said State, is a reliable individual of good character and reputation and *is hereby appointed agent for the transaction of its authorized business of insurance in Texas* under its said permit until such authority is revoked or otherwise terminated.

THE HOME INSURANCE CO., N. Y.
Date: Dec. 18, 1931.          By: D. D. McLary.
Approved: Feb. 9, 1932.               W. A. Tarver, Chairman,
                              Board Insurance Commissioners."

It will be noted that Doak was appointed by the *company itself* "agent for the transaction of its authorized business of insurance in Texas"; that appointment was in effect and not revoked or otherwise terminated, at the time of the transactions herein referred to. He had the authority to speak and act for the company, and transact all the insurance business of the company which it was authorized to transact under its *permit* from the State.

The jury found (supported by evidence) that Doak was advised of the trade between Grant and Roberts, that it was being closed, that Grant desired to transfer the policy to Roberts, and he (Doak) informed the parties that the transfer could be made of the policy when Grant removed from the property and that Grant would be protected by the policy on his furniture until he moved, also that Roberts would be protected by the policy on the house until Grant moved.

In this connection, it was shown that by the terms of the trade, Grant reserved and had thirty days from the closing of the trade in which to surrender possession of his tract and insured house, to Roberts.

Doak's testimony showed that he carries on an insurance agency in the City of Cleburne, represents seven or eight dif-

ferent companies, including the Home Insurance Company, having purchased the agency from a Mr. C. C. Byers, whom he succeeded. The original policy provides "this policy is valid only when signed by C. C. Byers, agent at Cleburne, Texas" and is so signed. Doak testified further that about one hundred policies with the Home Insurance Company are in effect through his agency.

It is now well settled in Texas that a provision in an insurance policy that no condition or stipulation shall be waived except by a written indorsement attached to the policy, is ineffectual to prevent a parol waiver of such provisions and conditions by an authorized agent acting within the scope of his authority. Morris v. The Insurance Co., 69 Texas 353, 6 S. W. 605, 5 Am. St. Rep. 63; Wagner & Chabot v. Westchester Fire Ins. Co., 92 Tex. 549, 50 S. W. 569; Niagara Ins. Co. v. Lee, 73 Texas 641, 11 S. W. 1024. These cases are based on the proposition that an insurance corporation can not thus limit its power subsequently to contract in any lawful manner by and through its authorized agents acting within the scope of their authority. For the same reason, a stipulation in the policy that only certain officers and agents named therein shall have the power to waive the conditions of the policy does not preclude an authorized agent, other than the officials named, acting within the scope of his authority, from effecting such a waiver. United States Fidelity & Guaranty Co. v. Taylor, 11 S. W. (2d) 340 (writ refused).

We have concluded that the judgments of the trial court and the Court of Civil Appeals should be affirmed, and it is so ordered.

Opinion adopted by the Supreme Court January 13, 1937.

Rehearing overruled March 24, 1937.