## AGUILERA et al. v. REYNOLDS WELL SERVICE, Inc.

### No. 12188.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 1, 1950.

Rehearing Denied Nov. 29, 1950.

Charles J. Lieck, San Antonio, J. Earl Barnhouse, Alice, for appellants.

Kemp, Lewright, Dyer & Sorrell, and Cecil D. Redford, all of Corpus Christi, Lloyd & Lloyd, Alice, for appellee.

NORVELL, Justice.

The trial judge refused to permit appellants upon cross-examination to develop the fact that a witness for appellee, who had given damaging testimony to appellants' case, was the agent of Traders and General Insurance Company and had in that capacity written public liability insurance with said company covering the truck of appellee which was involved in the collision giving rise to this lawsuit.

This action grew out of a collision between an automobile owned by W. C. Roberts and being driven by Willie Aguilera, Sr., and a truck owned by appellee, Reynolds Well Service, Inc., and being operated by C. R. Turner, an employee of the company. The accident occurred on the night of March 7, 1949, on the Benavides-Freer Highway in Duval County, Texas. The only eye-witnesses thereto were Roberts, Willie Aguilera, Sr., his small son, Willie Aguilera, Jr., about ten years of age who did not testify, and the driver of the truck, C. R. Turner. The testimony as to the position of the vehicles immediately prior to the collision was sharply conflicting. The situation is aptly described in appellants' brief as being "a plain dispute between the operators of the two vehicles as to who was on the wrong side of the road with a portion or part of their vehicle." Upon this issue, the jury's findings were favorable to appellee and judgment was accordingly rendered against appellants.

According to appellants' bill of exceptions No. 1, which controls over the statement of facts, Rule 372, subd. (k) Texas Rules of Civil Procedure, it appears that George Ward, a witness called by appellee,

testified that he was a friend of Mr. and Mrs. Reynolds of Reynolds Well Service, Inc., and also of Mr. Benson, a stockholder in the company. Mrs. Reynolds called him the night of the accident and he went out to the scene of the collision. Ward testified that he examined the tire and skid marks of the vehicles involved and that these marks indicated that the automobile driven by Aguilera was on the wrong side of the highway when the collision took place. He also testified that he told Aguilera "it looked bad for him and that Aguilera did not have much to say." Ward's testimony contradicted Aguilera's testimony that he was driving the automobile on the right-hand side of the highway.

In the absence of the jury and for the purpose of testing the credibility of the witness, appellants' counsel propounded the following question to Ward and received the following answer:

"Q. Isn't it a fact, Mr. Ward, that notwithstanding your testimony that you were a friend of the Reynolds, and went over there out of friendship, that you are in fact the local agent in Freer, Texas, for the Traders and General Insurance Company, and that you sold casualty auto, casualty and public liability insurance, to Reynolds, the policy covering that vehicle involved in that accident, and that you have been Traders and General Insurance Company representative, and were at the time this accident happened? A. Yes, Sir."

The trial judge refused to allow the reading of this question and answer to the jury, apparently upon the theory that it would inject into the case the fact that the appellee carried liability insurance.

█ We believe the above statement fairly shows how the controlling question stated in the forepart of this opinion arose in this case. There are certain other minor factual matters that may be mentioned. Ward testified for the purposes of another bill of exceptions that he was a statutory recording agent. Articles 5062a and 5062b, Vernon's Ann.Civ.Stats.; Home Insurance Co. of N.Y. v. Roberts, 129 Tex. 178, 100 S.W.2d 91. He also stated in answer to questioning by appellee's counsel, apparently as a qualification of appellants' bill of exceptions, that he had nothing to do with the adjustment or settling of claims, although it appears that insurance adjusters or investigators used his office telephone. Appellee argues that as a practical matter Ward was a mere local agent operating in a small town and should not be considered as anything else. These details are not deemed controlling upon the question presented here. The exact nature of the business relationship between a witness and a party is generally a matter for the jury to consider in passing upon the possible existence of bias or prejudice on the part of the witness, and we are confronted here with the undisputed fact that the witness Ward made an investigation of the collision, was called to the stand by the appellee, gave testimony which tended to discredit that of Roberts and Aguilera and was favorable to the appellee and also to the insurance company, an actual party at interest. Under the ruling of the trial judge, the witness although actually an agent of the insurance company, was allowed to appear as a wholly disinterested witness before the jury.

█ The overwhelming weight of authority in the United States supports the proposition that the trial court committed reversible error in this case. The annotators of the American Law Reports paraphrase the opinions in Moy Quon v. Furuya Co., 81 Wash. 526, 143 P. 99, Snyder v. Wagner Electric Mfg. Co., 284 Mo. 285, 223 S.W. 911, Jablonowski v. Modern Cap Mfg. Co., 312 Mo. 173, 279 S.W. 89, and Wabash Screen Door Co. v. Black, 61 C.C.A. 639, 126 F. 721, and state the prevailing American rule as follows:

"The rule denying the right to show that defendant in a negligence case carries liability insurance is not intended to override the equally positive and salutary principle that a party has the right to cross-examine the witness produced by his adversary, touching every relation tending to show interest or bias, if the insurance company chooses to come before the jury, and place its own witnesses upon the stand, the plaintiff should be permitted to ask them if they

are not there for the insurance company, which has produced them, or connected with it, for the case cannot honestly be placed before the jury without disclosure of the relation which such witnesses sustain to that company; in other words, an insurance company, in defending in the name of the record defendant, a personal-injury action, does not have the unqualified right to have that fact concealed because of the possible prejudice that may exist in the minds of the jurors against such companies.

"Accordingly, the rule is well established that facts tending to show interest, bias or motive on the part of a witness may be elicited on cross-examination, although such examination may necessarily disclose that the defendant in a personal-injury action is protected by insurance; for many facts wholly immaterial, and even positively prejudicial, on the main issues of a case, may be material as touching the credibility of a witness." 56 A.L.R. 1439.

Numerous cases are cited in the annotation as supporting the prevailing rule. See also, Supplemental Annotations, 74 A.L.R. 1326.

In American Jurisprudence, it is stated that:

"To show bias or prejudice of a witness, it may be shown that he is employed by a party to the action, or by an insurance company for whose benefit the action is brought or which insured the defendant." 58 Am.Jur. 384, § 710.

"To show bias of a witness, on cross-examination he may be required to disclose his kinship to a party, his business connection with or employment by a party * * *." 58 Am.Jur. 388, § 719.

"A cross-examination to show bias is not rendered improper because it may show the interest of an insurance company in the case." 58 Am.Jur. 357, § 646.

In Lange v. Lawrence, Tex.Civ.App., 259 S.W. 261, 262, Judge Smith, speaking for this Court, said: "Of course there may be cases in which an insurance company's interest may be disclosed as an incident to legitimate inquiry into the facts of a case, as, for instance, where the agents of the insurance company testify in behalf of the insured, and their connection with the insuring company is brought out on cross-examination, * * *."

In the recent case of McDonald v. Alamo Motor Lines, Tex.Civ.App., 222 S.W.2d 1013, this Court held that evidence admissible for contradicting or impeaching purposes was not rendered inadmissible before it also informed the jury that one of the parties carried insurance, an irrelevant matter insofar as liability between the parties to the lawsuit was concerned.

Appellee says that "regardless of the law of other jurisdictions," the holdings of the Supreme Court of Texas support the lower court's ruling. A number of the cases cited, such as Texas Co. v. Betterton, 126 Tex. 359, 88 S.W.2d 1039, support the general proposition that it is reversible error to inject the irrelevant matter of liability insurance into the case. In the case mentioned, the attorney for the Texas Company interrogated a witness as to certain statements made in a written instrument signed by him. Betterton's attorneys then inquired as to who wrote the statement and received the reply that it was prepared by "the insurance agent, the one that represented the insurance agent of the Texas Company."

The Supreme Court held that while the truthfulness of the statements contained in the instrument was relevant, the identity of the person who prepared the statement was wholly immaterial, and as Betterton's attorney had injected the matter of liability insurance into the case by asking an immaterial question a reversal must follow on authority of Page v. Thomas, 123 Tex. 368, 71 S.W.2d 234. (A similar situation is disclosed by the record in this case. Appellants sought to impeach Mrs. Reynolds who testified that she called Ward and notified him of the accident because he was a friend of her husband, by showing that Mrs. Reynolds had stated that she called Ward because he was representing the company which had insurance on the truck. Impeachment was sought on an immaterial issue and the trial court correctly ruled out the inquiry.) The distinction between the Betterton case and the one now before us is obvious. Here the agent for the insur-

ance company took the stand and gave damaging testimony to appellants' case. The question of his credibility as a witness was highly material.

Appellee likewise relies upon Southland Greyhound Lines, Inc., v. Cotton, 126 Tex. 596, 91 S.W.2d 326, 330, in which the Supreme Court said: "It was improper also for plaintiff to ask one of the witnesses for defendant whether he had done any medical work for insurance companies. This has been too often held improper to require citation of authority. Any legitimate purpose which plaintiff may have had in mind in propounding the question could have been subserved in some way that did not suggest in the presence of the jury that defendant carried liability insurance."

The most that can be said of this case from appellee's standpoint is that it may indicate a qualification of the prevailing American rule governing cross-examination in cases of this kind insofar as it relates to medical witnesses who testify as to the results of physical examinations. Whether a qualification be suggested in the cited case, and if so, whether the same be logically sound or can be reasonably supported as a practical rule which avoids greater evils than it permits, are matters relating to questions not now before us. In order to sustain the trial court's ruling it would be necessary to expand that which seems at most a qualification into a rule contrary to the prevailing one in the American jurisdictions, and give sanction to a universal rule to the effect that should otherwise legitimate cross-examination disclose that one of the parties was covered by insurance, then such cross-examination should not be permitted. To restrict the scope of cross-examination to a field smaller than that prescribed by legal relevancy through the application of arbitrary rules of limited application, is to adopt a course fraught with risk and danger to an intelligent and understanding administration of justice. We are unwilling to hold that an agent of an insurance company which is a real party at interest may take the stand as an apparently disinterested witness, give testimony damaging to the opposing party, and then be exempt from cross-examination designed to show his connection with the company. Garee v. McDonell, 7 Cir., 116 F.2d 78, certiorari denied, 313 U.S. 561, 61 S.Ct. 837, 85 L.Ed. 1521; Majestic v. Louisville & N. R. Co., 6 Cir., 147 F.2d 621; Theurer v. Holland Furnace Co., 10 Cir., 124 F.2d 494; Pittman v. Calhoun, 231 Ala. 460, 165 So. 391; Moore-Handley Hardware Co. v. Williams, 238 Ala. 189, 189 So. 757; Curcic v. Nelson Display Co., 19 Cal. App.2d 46, 64 P.2d 1153; Moniz v. Bettencourt, 24 Cal.App.2d 718, 76 P.2d 535; Goldstein v. Johnson, 64 Ga.App. 31, 12 S. E.2d 92; Silver Fleet Motor Express v. Gilbert, 291 Ky. 696, 165 S.W.2d 541; Cadle v. McHargue, 249 Ky. 385, 60 S.W. 2d 973; Coral Ridge Clay Products Co. v. Collins, 181 Ky. 818, 205 S.W. 958; Rhinehart v. Lemmon, 181 Md. 663, 29 A.2d 279; State ex rel. Tramill v. Schain, 349 Mo. 82, 161 S.W.2d 974; Page v. Unterreiner, Mo. App., 106 S.W.2d 528; Gibson v. Grey Motor Co., 147 Minn. 134, 179 N.W. 729; Beatrice Creamery Co. v. Goldman, 175 Okl. 300, 52 P.2d 1033; 8 Couch, Cyclopedia of Insurance Law, § 2254; 21 Appelman, Insurance Law and Procedure, § 12835.

Other matters mentioned in the briefs need not occur upon another trial. Consequently, discussion relating thereto is deemed unnecessary.

Because of the error pointed out, the judgment of the trial court is reversed and the cause remanded for new trial.

Reversed and remanded.