Pamela A. BLOOM, Appellant,

v.

**HYDROTHERM, INC., George Farnum, d/b/a Farnum Plumbing and Heating, The Estate of Norman Gronli, et al., John H. Stanger, d/b/a Stanger Plumbing and Heating, Respondents,**

**Donald E. Swart, d/b/a Don's Plumbing and Heating, Defendant.**

**Lynn Donald SCHMIEDEKER, trustee for the heirs and next of kin of Donald Kirk Schmiedeker, decedent, Appellant,**

v.

**HYDROTHERM, INC., George Farnum, d/b/a Farnum Plumbing and Heating, Respondents,**

**Al Jaeger, d/b/a Jaeger Plumbing and Heating, et al., Defendants,**

**The Estate of Norman Gronli, et al., Respondents.**

No. C3-92-1262.

Court of Appeals of Minnesota.

May 11, 1993.

Review Denied June 28, 1993.

Douglas E. Schmidt, Wilbur W. Fluegel, Sieben, Grose, Von Holtum, McCoy & Carey, Ltd., Minneapolis, for Pamela A. Bloom.

Ronald C. Anderson, Hulstrand, Anderson & Larson, Willmar, for Hydrotherm, Inc.

James T. Martin, Gislason, Martin & Varpness, Edina, for George Farnum.

Raymond Krause, Blethen, Gage & Krause, Mankato, for Estate of Norman Gronli, et al.

Frederick Grunke, Janelle P. Kendall, Donohue Rajkowski, Ltd., St. Cloud, for John H. Stanger.

Richard A. Williams, Jr., Minneapolis, for Lynn Donald Schmiedeker.

Considered and decided by CRIPPEN, P.J., and NORTON and AMUNDSON, JJ.

## OPINION

CRIPPEN, Judge.

This case deals with damages suffered because of a furnace failure, where a jury determined that fault was evenly divided between a furnace installer and the property owner. We must determine whether the trial court erred by permitting the jury to consider an allocation of fault to the property owner. More critically, if the court erred, we must determine whether a new trial can be required, which might produce a finding of fault against a party exonerated in the first trial.

## FACTS

In December 1987, appellant Pamela Bloom was found in Donald Schmiedeker's rented home, suffering from carbon monoxide poisoning. Schmiedeker was dead when deputies arrived. Investigation revealed that a lack of incoming combustion air for the boiler furnace caused oxygen depletion in the house. The furnace room door was found closed, and a fire was smoldering inside. Apparently, the furnace burners became covered with soot from prolonged inadequate combustion air. This allowed the burner flame to protrude and heat the surrounding wood surfaces, and to use increasing amounts of oxygen from the inside environment.

At trial, the jury assessed 50 percent of the fault against the property owner and 50 percent of the fault against the installer. Neither award was beneficial to the plaintiff, since the property owner had obtained a *Pierringer* release, and the installer had been dismissed on summary judgment due to a statute of limitations. The jury verdict exonerated the furnace manufacturer (Hydrotherm), and two repair firms (Farnum and Swart). Appellants alleged that Hydrotherm failed to provide adequate labelling and notice of the boiler's potential to deplete oxygen, and failed to adequately instruct the installer how to avoid this hazardous condition. Farnum was accused of repairing the furnace without discovering problems of inadequate ventilation. Similar allegations were made against Swart, which obtained a *Pierringer* release.

Appellants contend the court erred in submitting the issue of the property owner's fault, arguing that there is no evidence the owner knew of any danger connected with use of the furnace. They also contend that the court's inclusion of this party conflicts with the court's own pre-trial order granting the property owner summary judgment.[1] The court had found that landlords may not be liable without knowing of the danger, and that there was no evidence of this knowledge here. Appellants maintain this alleged error can only be corrected by a new trial. Alternatively, they suggest that the trial court erred in refusing to grant a directed verdict or JNOV to rule that Hydrotherm was partially at fault as a matter of law.

## ISSUES

1. Did the trial court err in submitting the question of the property owner's fault?

2. Can an appellate court grant a new trial for improper submission of one party in these circumstances?

3. Did the trial court violate appellants' right to due process by submitting the property owner's fault?

---

1. It is noted earlier in the opinion that appellants' claims against the landlord were settled before trial. Being unaware that the settlement occurred while summary judgment motions were pending, the trial court announced its summary judgment shortly after the settlement occurred.

4. Did the trial court err in failing to grant a directed verdict or JNOV against Hydrotherm?

## ANALYSIS

■ 1. We find merit in appellants' contention that the trial court erred in submitting the property owner's fault. This decision directly contradicts the court's prior order, part of the law of the case, which held that the owner had no liability. The trial court gave various explanations for disregarding its order, but none are convincing. First, the fact that cross-claims were involved does not matter, because the party was dismissed, and the trial court specifically found no negligence. Second, the summary judgment dealt directly with misconduct issues, not just the liability of the owner's estate. Finally, the court reasoned that its summary judgment did not cover all the grounds for liability. In its order, however, the court stated that the theory it considered was the only basis for liability. Although the timing of the summary judgment may have been irregular, because the landlord liability claim had already been settled, the judgment was a final trial court decision on the issue.

Appellants also assert there was no evidence given at trial on the property owner's liability. This argument suggests that we might also conclude the owner was improperly included based on our own survey of the evidence. *See Meyer v. Parkin*, 350 N.W.2d 435, 437 (Minn.App.1984) (in absence of fraud, misrepresentation or deceit, landlord not liable to tenant for injuries resulting from defective conditions), *pet. for rev. denied* (Minn. Sep. 12, 1984). We decline to analyze the evidence in this fashion, having concluded that the error of the court is demonstrated by disregard of its prior summary judgment.

■ 2. The parties address the issue of whether the court's error was prejudicial in light of the jury verdict assigning no negligence to Hydrotherm, but neither provides any legal authority. A related question is addressed by *Olson v. Moorhead*, 142 Minn. 267, 171 N.W. 923 (1919), which suggests that upon error in submission of issues, an appellate court cannot reverse where a prior jury decision clearly contradicts any alternative verdict.

■ Alternatively, this issue may be examined on the basis of established notions of harmless error. Minnesota decisions call for liberal application of this doctrine. *Independent Sch. Dist. No. 35 v. A. Hedenberg & Co.*, 214 Minn. 82, 100, 7 N.W.2d 511, 521 (1943). In addition to their burden to show error, appellants have the burden on appeal to demonstrate that the trial court error caused them prejudice. *Midway Ctr. Assocs. v. Midway Ctr., Inc.*, 306 Minn. 352, 356, 237 N.W.2d 76, 78 (1975).

Appellants argue that if there were fewer defendants, the jury may have found Hydrotherm negligent. But a current finding of Hydrotherm's fault would be contradicted by the jury's initial decision. Moreover, the record shows an unusual level of fault on the part of the installer. Thus, appellants have not shown the trial court's error was prejudicial.

■ 3. Because the court indicated the property owner was dismissed, but nevertheless submitted the owner's fault to the jury, appellants argue that the court misled them and impaired their ability to try the case. *See Nelson v. Gjestrum*, 118 Minn. 284, 136 N.W. 858 (1912). Appellants characterize this as a due process violation. There is no merit in this contention, because appellants' evidence was categorically aimed at finding fault against Hydrotherm. There has been no showing of evidence which might have been offered to further exonerate the property owner. Also, the trial court specifically refused appellants' pre-trial request to remove the property owner's fault from consideration, thus diminishing the cause for surprise when the fault of this party was later submitted to the jury.

■ 4. Appellants maintain that instructions on the furnace were inadequate to warn of the dangers caused by using inside air for combustion. Labels attached to the unit directed that the boiler needed fresh air for safe operation and must be

installed with provision for adequate combustion and ventilation air, and warned that failure to use the unit in accordance with instructions could result in a serious health hazard. This evidence adequately supports the jury's determination that the manufacturer Hydrotherm was not negligent, and precludes JNOV against this party.

### DECISION

Although the trial court erred in submitting the property owner's fault, the circumstances here do not permit our mandate for a new trial. There is no merit to an alternative argument that the trial court misled appellants or denied them due process. Finally, the jury's finding that Hydrotherm was without negligence is adequately supported by evidence in the record, so that motions for a directed verdict and JNOV were not erroneously denied.

**Affirmed.**